IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY RAY CHILES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3516-L-BH** |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY**, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Billy Ray Chiles ("Plaintiff") filed this appeal on August 28, 2012, from the adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff requests that the Commissioner's denial of his claim be reversed and remanded for further administrative proceedings. Plaintiff only seeks reversal of the portion of the Commissioner's decision that concluded he was not disabled before May 19, 2010.

The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 10, 2014, recommending that the court grant Defendant's Motion for Summary Judgment (Doc. 18), deny Plaintiff's Motion for Summary Judgment (Doc. 17), and affirm the decision of the Commissioner. On February 6, 2014, Plaintiff filed objections to the Report, contending that the Commissioner's decision is not based on substantial evidence and contains errors of law. Plaintiff asserts that his impairment meets the relevant criteria. Plaintiff therefore contends that he "must be

**Order – Page 1**

found disabled as a matter of law from his established onset date, however he can only be paid benefits retroactively from his protective filing date for SSI benefits." Pl.'s Obj. 5.

Judicial review of the Commissioner's denial of disability and SSI benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner followed the correct relevant legal standards in reaching his findings. *See* 42 U.S.C. § 405(g); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). In determining whether the Commissioner's decision is supported by substantial evidence, the court scrutinizes the record to determine if such evidence is present. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir.1988). The court may not, however, reweigh the evidence in the record or substitute its judgment for that of the Commissioner's. *Id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984); *Carrier*, 944 F.2d at 245. A finding of no substantial evidence is appropriate only when no credible evidentiary choices exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Under Federal Rule of Civil Procedure 72(b), applicable to dispositive motions, the district court reviews de novo "any part of the magistrate's disposition that has been properly objected to" and "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

After carefully considering Plaintiff's objections and conducting a de novo review of the magistrate judge's thorough and well- reasoned findings and recommendation, the court agrees with the magistrate judge's determination that the Commissioner's decision should be affirmed.

Accordingly, after an independent review of the pleadings, motions, briefs, file, record, objections, applicable law, and the magistrate judge's findings and conclusions, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. The court therefore **overrules** Plaintiff's objections, **grants** Defendant's Motion for Summary Judgment (Doc. 18), **denies** Plaintiff's Motion for Summary Judgment (Doc. 17), **affirms** the decision of the Commissioner, and **dismisses** this case **with prejudice**.

**It is so ordered** this 18th day of February, 2014.

_____
Sam A. Lindsay
United States District Judge